UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT Of ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Veronica Aguilar and Jose E. Aguilar, ) | Chapter 7 |
| ) | |
| Debtors.    ) | Bankr. No. 10-38275 |
| ) | |
| Robert J. Sargis,    ) | |
| Plaintiff,    ) | Adv. Pro. 13-0299 |
| v.    ) | |
| Veronica Aguilar and Jose E. Aguilar,    ) | |
| Defendants.    ) | Judge Jacqueline P. Cox |

**Order Following Remand from the District Court**

**FACTS AND BACKGROUND**

On April 16, 2015 and May 28, 2015, the District Court remanded this matter to this Court in ruling on the Defendants' appeal of a ruling that their debt to the Plaintiff, Robert J. Sargis, was not dischargeable. For the following reasons, this Court now finds that the debt owed Mr. Sargis is dischargeable. The Plaintiff has not proven by a preponderance of the evidence that the Debtors knew or should have known that their agent made misrepresentations to the Plaintiff.

As noted in this Court's June 9, 2014 Amended Memorandum Opinion, Mr. Sargis issued the loan funds based on misrepresentations made by the Debtors' agent, Victor Paredes. *See Sargis v. Aguilar,* 511 B.R. 507, 511 (Bankr. N.D. Ill. 2014).

1

After this Court issued its Amended Memorandum Opinion finding the debt to Plaintiff Sargis not dischargeable, the Seventh Circuit Court of Appeals held on April 2, 2015, in *Sullivan v. Glenn* (*In re Glenn*), 782 F.3d 378, 381(7th Cir. 2015) that proof that a debtor's agent obtained money by fraud does not justify denying a debtor a discharge of resulting debt unless there is proof which justifies an inference that the debtor knew or should have known of the fraud. As in *Glenn*, that condition for denial of a discharge has not been satisfied. No evidence was presented showing that the Debtors knew of their agent's misrepresentations to their lender, Mr. Sargis.

Sargis also argues that Mrs. Aguilar's trial testimony that the Debtors did not intend to repay the debt constituted direct fraud, justifying a non-dischargeability finding. They argued in the District Court that they had not waived this issue. This Court finds that the direct fraud theory of liability does not help the Plaintiff because the record herein did not include evidence that the Debtors told Mr. Sargis that they did not intend to repay the monies he loaned them. In fact the Debtors dealt with Mr. Sargis indirectly, through Mr. Paredes. The Amended Adversary Complaint alleges at paragraph 24 that "[i]n their business dealings with Sargis leading up to execution of the Note and Mortgage, Debtors acted through an agent, Victor Paredes, on their behalf".

According to paragraph 29 of the Amended Complaint: "[t]o induce Sargis to lend Debtors the amount of $21,000.00, Debtors made several representations to Sargis in early May 2006, including: that the loan was for the stated purpose of acquiring the property as a principal residence for debtors and their relative, Limon; that the three of them would be obligated to pay back the loan to Sargis; that the Property was not being purchased as investment or rental property; and that the mortgage lender (BNC) had approved the mortgage loan based on Debtors' application". Paragraph 30 of the Amended Adversary Complaint alleges that "[d]ebtors made the foregoing representations to Sargis through their agent, Victor Paredes, and in loan documents signed by Debtors and disclosed to Sargis by their agent, Victor Paredes". It does not alleged that the Debtors knew or should have known that their agent, Mr. Paredes, made misrepresentations to Plaintiff Sargis, or what those misrepresentations were.

In deciding *Glenn*, the Seventh Circuit relied in part on *In re Walker*, 726 F.2d 452, 454 (8th Cir. 1984). That court ruled that the principal of an agent who commits fraud forfeits his

right to a discharge in bankruptcy only when the principal knew or should have known of the agent's fraud or was recklessly indifferent to the agent's conduct.

To find that the Debtors should have known that their agent would make certain misrepresentations to a prospective lender, the Debtors would have to know what was important to that lender. The Court declines to speculate in this regard. Lenders can protect themselves by requiring that borrowers give them information directly and not rely on agents for information to evaluate whether to extend credit.

## CONCLUSION

The $21,000.00 debt owed to Plaintiff Robert J. Sargis by the Debtors will be discharged.

Dated: September 16, 2015

ENTERED:

_J. Cox_____
Jacqueline P. Cox
**United States Bankruptcy Judge**